# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Firemen's Retirement System of St. Louis, derivatively on behalf of SCANA Corporation and individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Jimmy E. Addison, D. Maybank Hagood, Lynne M. Miller, James A. Bennett, Maceo K. Sloan, Sharon A. Decker, James W. Roquemore, Alfredo Trujillo, John F.A.V. Cecil, Gregory E. Aliff, Kevin B. Marsh, Stephen A. Byrne, James M. Micali, Harold C. Stowe, Dominion Energy, Inc., and Sedona Corp.,<br><br>    Defendants,<br><br>    and<br><br>SCANA Corporation, a South Carolina corporation,<br><br>    Nominal Defendant. | C/A No.   3:18-501-MBS<br><br><br><br>**NOTICE OF REMOVAL BY DOMINION ENERGY INC. AND SEDONA CORP.** |

**PLEASE TAKE NOTICE THAT** Defendants Dominion Energy, Inc. and Sedona Corp. (collectively "Dominion"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby notice their removal of this civil action from the Court of Common Pleas for the Fifth Judicial Circuit, County of Richland, State of South Carolina, to the United States District Court for the District of South Carolina, Columbia Division. In support of its notice of removal, Dominion states as follows:

## STATEMENT OF FACTS

1. On December 13, 2017, Plaintiff Firemen's Retirement System of St. Louis filed a Complaint, styled as a stockholder derivative action, in the Court of Common Pleas for the Fifth Judicial Circuit in the County of Richland, State of South Carolina, against Jimmy E. Addison, D. Maybank Hagood, Lynne M. Miller, James A. Bennett, Maceo K. Sloan, Sharon A. Decker, James W. Roquemore, Alfredo Trujillo, John F.A.V. Cecil, Gregory E. Aliff, Kevin B. Marsh, Stephen A. Byrne, James M. Micali, and Harold C. Stowe (collectively "SCANA Defendants") based on events related to the planned construction of two nuclear reactors in Fairfield County. The Complaint was docketed as 2017-CP-400-7547.

2. On January 12, 2018, Plaintiff filed an Amended Complaint, now styled as a putative class action in addition to a stockholder derivative action, adding claims against Dominion and the SCANA Defendants based on events related to a planned merger involving Dominion and SCANA.

3. Removal of this Complaint is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after January 22, 2018, when Sedona Corp. was served with a copy of the Amended Complaint, the initial pleading setting forth the claims for relief upon which this removal is based. Removal is also timely because this Notice of Removal was filed within thirty days after January 30, 2018, when Dominion Energy, Inc. was served with a copy of the Amended Complaint.

4. The United States District Court for the District of South Carolina, Columbia Division, has jurisdiction over the County of Richland, in which the state court action is now pending.

5. No previous application has been made for this relief.

6. In accordance with 28 U.S.C. § 1446(a), the Amended Complaint and Summons served on Sedona Corp. and Dominion Energy, Inc. are attached hereto as **Exhibit A.** No other process, pleading, or order has been served on Sedona Corp. or Dominion Energy, Inc. at this time.

7. In accordance with 28 U.S.C. § 1446(d), Dominion will file a copy of this Notice of Removal with the clerk of the Court of Common Pleas for the Fifth Judicial Circuit in the County of Richland, State of South Carolina.

8. In accordance with 28 U.S.C. § 1446(d), Dominion will give written notice of the filing of this Notice of Removal to Plaintiff through its attorney of record.

9. In filing this Notice of Removal, Dominion does not waive any, and specifically reserves all defenses, exceptions, rights, and motions. No statement or omission in this Notice shall be deemed an admission of any allegations of or damages sought in the Amended Complaint.

10. As more fully set forth below, this case is properly removed to this Court because this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1453 (2010) ("CAFA").

## GROUNDS FOR REMOVAL UNDER CAFA

11. As set forth below, based on the allegations in the Amended Complaint, this Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because: (1) the putative class consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from that of at least any one of the Defendants; and (3) the aggregate amount placed in controversy by the claims of Plaintiff and the putative class members exceeds $5,000,000, exclusive of interest and costs.

**A.     The Putative Class Consists of at Least 100 Proposed Class Members.**

12.     Plaintiff purports to bring this action both on behalf of itself and SCANA Corporation stockholders. Am. Compl. ¶ 183.

13.     Plaintiff alleges that "as of December 19, 2017, SCANA had over 142.9 [million] shares outstanding." Am. Compl. ¶ 184. SCANA's most recent annual report states that its outstanding common shares "were held by approximately 25,000 shareholders of record." SCANA Corporation, Annual Report (Form 10-K) at 21 (Feb. 24, 2017).

14.     Accordingly, the aggregate number of class members in Plaintiff's proposed class is at least 100 for purposes of 28 U.S.C. § 1332(d)(5)(B). *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 299 (4th Cir. 2008) (noting that a defendant's data about class size is sufficient for removal under CAFA).

**B.     The Citizenship of at Least One Putative Class Member Is Different from That of at Least One Defendant.**

15.     Minimal diversity of citizenship exists between Defendants and the proposed class as contemplated by CAFA, 28 U.S.C. § 1332(d)(2)(A)-(B).

16.     On information and belief, Plaintiff is a citizen of the State of Missouri. *See* Mo. Stat. § 87.125 (authorizing Missouri municipalities to create fire department pension funds); St. Louis, Mo. Code § 4.18.015 (creating the Firemen's Retirement System of St. Louis).

17.     Plaintiff purports to bring this action on behalf of all SCANA Corporation stockholders. On information and belief, SCANA Corporation stockholders are geographically dispersed across the United States, and also include foreign states and/or citizens or subjects of foreign states. 28 U.S.C. § 1332(d)(2)(B).

18.     Dominion Energy, Inc. is a citizen of the Commonwealth of Virginia because it is incorporated under Virginia law and has its principal place of business in Virginia.

4

19.    Sedona Corp. is a citizen of the State of South Carolina because it is incorporated under South Carolina law.

20.    Because the alleged class of SCANA Corporation stockholders is geographically dispersed across the country and includes, on information and belief, foreign states and/or citizens or subjects of foreign states, whereas Dominion Energy Inc. is a citizen of Virginia and Sedona Corp. is a citizen of South Carolina, the citizenship of at least one putative class member is different from the citizenship of at least one of the Defendants pursuant to 28 U.S.C. § 1332(d)(2)(A)-(B).

C.    **The Aggregate Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.**

21.    Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Because "no antiremoval presumption attends cases invoking CAFA, . . . a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Where, as here, Plaintiff fails to specify the alleged damages at issue "with pinpoint precision," "a defendant's allegations rely to some extent on reasonable estimates, inferences, and deductions." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017). Plaintiff's putative class claims meet the jurisdictional threshold based on Plaintiff's own allegations and their reasonable inferences.

22.    Plaintiff alleges that the proposed merger consideration "undervalues [SCANA]," Am. Compl. ¶ 20, and that "SCANA's stockholders are receiving unfair consideration" as a result of the planned merger with Dominion, Am. Compl. ¶ 23.

23. Plaintiff alleges that Dominion agreed to transfer 0.6690 shares of Dominion Energy, Inc. for each outstanding share of SCANA Corporation. Based on Dominion's stock price before the announcement of the planned merger, Plaintiff alleges that the proposed merger consideration is approximately $55.35 per share, or $7.4 billion excluding debt, which is a premium to SCANA Corporation's current stock price. Am. Compl. ¶¶ 19-20.

24. Plaintiff alleges that if the same premium were applied to SCANA Corporation's stock price before the announcement of plans to discontinue the construction of two nuclear reactors, "Dominion would have paid approximately $14 billion, almost twice the price." Am. Compl. ¶ 20.

25. Plaintiff also alleges that the proposed merger consideration was inadequate because analysts recently set price targets for SCANA Corporation at $58.50 or more. Am. Compl. ¶ 21. To match that price, Dominion would have to have offered additional merger consideration of at least $400 million, based on Dominion's stock price before the announcement of the planned merger.

26. On the face of the Complaint, Plaintiff's allegations imply claimed damages of at least $400 million to approximately $7 billion, which easily satisfies the $5 million amount-in-controversy threshold in 28 U.S.C. § 1332(d)(6).

27. In addition, Plaintiff seeks injunctive relief against the planned merger. Courts in the Fourth Circuit "ascertain the value of an injunction for amount in controversy purposes by reference to the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010).

28. Plaintiff requests an injunction that would prevent the transfer of ownership of SCANA Corporation from Plaintiff and other SCANA Corporation stockholders to Dominion.

6

Am. Compl. Prayer for Relief ¶ F.  As noted above, Plaintiff allegedly values ownership of SCANA Corporation at $14 billion.  Because injunctive relief will result in the putative class's continued ownership of an asset allegedly worth at least $14 billion, the requested injunction satisfies the amount in controversy from Plaintiff's viewpoint.

29. Based on the total consideration for the planned merger, Dominion values ownership of SCANA Corporation at approximately $14.6 billion, including assumption of debt. Am. Compl. ¶ 163.  Because injunctive relief will prevent Dominion's acquisition of an asset for which it agreed to provide consideration of approximately $14.6 billion, including assumption of debt, the requested injunction satisfies the amount in controversy from Dominion's viewpoint.

30. In addition, Plaintiff requests rescission of the planned merger "or any of the terms thereof."  Compl., Prayer for Relief ¶ H.  Those terms include SCANA Corporation's agreement to pay Dominion $240 million (approximately 1.6% of the $14.6 billion total consideration) in the event that SCANA Corporation does not consummate the proposed merger for certain reasons. Am. Compl. ¶ 22.  The effect of the requested rescission would be to allow SCANA Corporation to accept a competitor's bid without paying the agreed termination fee.  From Dominion's perspective, the requested rescission would deprive Dominion of a $240 million right, which also satisfies the amount in controversy.

31. In sum, because the putative class is larger than 100 members, there is minimal diversity between the parties, and the $5,000,000 amount in controversy requirement is satisfied, this case is properly removed to this Court pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.

7

**D.      Removal of the Entire Case under CAFA Is Appropriate.**

32.     Because the Amended Complaint added a claim against third-party Dominion for aiding and abetting a breach of fiduciary duty, Plaintiff cannot meet the burden of establishing that this lawsuit "*solely* involves" a claim that concerns a covered security, relates to the internal affairs of a corporation, or relates to the rights, duties, and obligations created by or pursuant to any security. 28 U.S.C. § 1453(d) (emphasis added); *see Himmel v. Bucyrus Int'l, Inc.*, 2011 WL 13216971, at *2 (E.D. Wis. Aug. 23, 2011) (noting that "removal under CAFA is appropriate" because the plaintiff asserted an aiding and abetting claim against the acquiring corporation and its merger subsidiary "as third parties").

33.     Because the Amended Complaint alleged a removable claim, the entire lawsuit is removable. *See Dinkel v. Gen. Motors Corp.*, 400 F. Supp. 2d 289, 294 (D. Me. 2005) ("The plain language of CAFA makes clear that . . . it is the entire lawsuit that is removed, not merely the claims against that defendant."); *Rosenberg v. Lexington Ins. Co.*, 2008 WL 11348720, at *3 (D.S.C. Sept. 30, 2008) (denying motion to remand where the complaint asserted both class and derivative claims).

**CONCLUSION**

For the foregoing reasons, Dominion respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

*[SIGNATURE PAGE FOLLOWS]*

8

        *Respectfully Submitted,*

        NEXSEN PRUET, LLC

        s/ Andrew A. Mathias
        _____
        William W. Wilkins    Fed ID No. 4662
        Burl F. Williams      Fed ID No. 10556
        Andrew A. Mathias   Fed ID No. 10166
        55 East Camperdown Way, Suite 400 (29601)
        Post Office Drawer 10648
        Greenville, SC 29603-0648
        (864) 370-2211
        (864) 282-1177 (facsimile)
        BWilkins@nexsenpruet.com
        BWilliams@nexsenpruet.com
        AMathias@nexsenpruet.com

        MCGUIRE WOODS LLP

        Brian E. Pumphrey[1]
        Gateway Plaza
        800 East Canal Street
        Richmond, VA 23219-3916
        (804) 775-7745
        (804) 698-2018
        bpumphrey@mcguirewoods.com

        *Counsel for Defendants Dominion Energy, Inc. and Sedona Corp.*

February 21, 2018
Greenville, South Carolina

---

[1] A *pro hac vice* Motion for Brian E. Pumphrey is forthcoming.